1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT LEE KNUCKLES,                 No. 2:11-CV-3297-KJM-CMK

12              Plaintiff,

13        vs.                            FINDINGS AND RECOMMENDATIONS

14   CARPENTERS PENSION TRUST
     FUND FOR NORTHERN
15   CALIFORNIA,

16              Defendant.

17   _____/

18              Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

19   court is defendant's motion to dismiss (Doc. 13).  The parties appeared for a hearing on

20   September 12, 2012.  Michael Korda, Esq., appeared for defendant.  Plaintiff appeared pro se.

21   After hearing arguments, the matter was submitted.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he is a participant in the Carpenters Pension Trust Fund for Northern California ("Pension Plan") and that he is entitled under the Pension Plan to disability and pension benefits.[1]  According to plaintiff, he became disabled and was awarded social security benefits.  Plaintiff also states that he belonged to the Carpenter's Union and paid his union dues.  He adds that he also "worked outside the union to provide for his family" because of the lack of union jobs in the rural area he lived.

Plaintiff states that his application for disability benefits under the Pension Plan was denied.  Plaintiff now seeks judicial review of that decision, arguing that his work outside the union "should pla[y] no [role] on his obtaining benefits under the Plan."  Plaintiff seeks a declaration that defendant breached the Pension Plan.  He also seeks an award of Pension Plan benefits to which he claims he is entitled.

## II.  STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

---

[1]     The Pension Plan is attached to defendant's brief.  In deciding a Rule 12(b)(6) motion to dismiss, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Here, the Pension Plan is referenced in the complaint and the complaint necessarily relies on the Pension Plan.  Further, no party questions the authenticity of the Pension Plan attached to defendant's brief.

1    ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

2    395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

3    factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

4    (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

5    lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

6          Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

7    the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

8    and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

9    (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

10   failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

11   recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

12   raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain

13   "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has

14   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

15   reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

16   1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

17   than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

18   at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

19   it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.

20   (quoting Twombly, 550 U.S. at 557).

21         In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

22   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

23   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

24   documents whose contents are alleged in or attached to the complaint and whose authenticity no

25   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

26   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

Defendant argues that plaintiff cannot state a claim for violation of ERISA because, by the terms of the Pension Plan, he is not covered.  According to defendant:

> The pleadings fail to state that Mr. Knuckles did not receive benefits due him under the terms of the plan.  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). [Plaintiff] states in his Complaint that he worked in Non-Covered Employment.  (Compl. ¶ 10).  He states that he "worked outside the union" to provide for his family.  (Compl. ¶ 12).  He also states that he was the sole entity on his contractor's "license with no employees. . . ."  The Pension Plan defines Non-Covered Employment as self-employment in the Building and Construction Industry not covered by a Collective Bargaining Agreement.  (Ex. A, p. 69).  The work Plaintiff performed outside of the union is Non-Covered Employment.  The Pension Plan states that a participant will not be eligible for a Disability Pension if he works in Non-Covered Employment.  (Ex. A, p. 131).  Therefore, there is no benefit due Plaintiff under the terms of the Pension Plan.

In essence, defendant argues that plaintiff's work outside the union rendered him ineligible for disability benefits under the Pension Plan.

Under ERISA, a plan participant may sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  The Pension Plan, Article 12, Section 12.01, provides as follows:

> Notwithstanding any provisions of this Plan to the contrary, if an Employee or Participant, or former Employee or Participant, at any time performs Non-Covered Employment as defined in Section 1.25, on or after July 1,

1991, he shall thereafter be subject to the restrictions set forth in Section 12.02.

Article 12, Section 12.02, provides that disability pensions shall not be payable.  Under Article 1, Section 1.25, Non-Covered Employment is defined as employment in the building and construction industry on or after July 1, 1991, in the geographical jurisdiction of the Pension Plan for an employer who does not have, or self-employment which is not covered by, a collective bargaining agreement.

The dispositive question in this case is whether plaintiff worked in non-covered employment at any time on or after July 1, 1991.  Neither party answers this question in their briefs.  At the hearing, plaintiff was specifically asked whether he performed non-covered work on or after July 1, 1991, and he answered in the affirmative.  Based on this representation made in open court on the record, it is clear that plaintiff cannot state a claim upon which relief can be granted.[2]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

[2] Because there was no breach of the Pension Plan caused by the denial of disability benefits, it is not necessary to address defendant's argument that plaintiff's complaint fails to state any claim for breach of fiduciary duty.

1

### IV.  CONCLUSION

2        Based on the foregoing, the undersigned recommends that defendant's motion to

3  dismiss (Doc. 13) be granted.

4        These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court.  Responses to objections shall be filed within 14 days after service of

8  objections.  Failure to file objections within the specified time may waive the right to appeal.

9  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11   DATED:  October 9, 2012

12

13                                    CRAIG M. KELLISON
                                      UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26